THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DWAYNE TAYLOR ROWLAND JR., <br><br> Plaintiff, <br><br> v. <br><br> D. CHAD JENSEN et al., <br><br> Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTION TO DISMISS** <br><br> Case No. 1:19-CV-20 TC <br><br> District Judge Tena Campbell |

Plaintiff, Dwayne Taylor Rowland Jr., filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2022), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. Defendants' Motion to Dismiss is now before the Court for a ruling. (ECF No. 30.)

Defendants argue that Plaintiff's action should be dismissed based on his failure to exhaust his administrative grievances according to Cache County Jail procedures. (*Id.*) Defendants' argument that Plaintiff was required to plead and prove that he exhausted grievances is flawed by its reliance on a case from before *Jones v. Bock*, 549 U.S. 199 (2006) (holding that "failure to exhaust is an affirmative defense under the PLRA [Prisoner Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"), was filed. (*See* ECF No. 30 (citing *Norton v. City of Marietta*, 432 F.3d 1145, 1149 (10th Cir. 2005).)

If Defendants wish to continue to rely on grievance exhaustion as a basis for dismissal, they should file a summary-judgment motion in which they submit evidence that "administrative remedies were, in fact, available" to Plaintiff but that Plaintiff "failed to exhaust these remedies."

*Purkey v. CCA Det. Ctr.*, 263 F. App'x 723, 726 (10th Cir. 2008) (unpublished). To be clear, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

## ORDER

**IT IS ORDERED** that:

**(1)** Defendants' Motion to Dismiss is **DENIED**. (ECF No. 30.)

**(2)** The parties shall observe the Federal Rules of Civil Procedure and the following litigation schedule--

> **(a)** If Defendants continue to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,
>
>> **(i)** within **60 days**, prepare and file a *Martinez* report[1] limited to the exhaustion issue; and,
>>
>> **(ii)** within **90 days**, file a separate summary judgment motion, with supporting memorandum.

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

**(b)** If Defendants challenge the complaint's bare allegations, Defendants shall, within **60 days**, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

**(c)** If Defendants choose not to rely on an exhaustion defense and want to pierce the complaint's allegations, Defendants must,

> **(i)** within **60 days**, prepare and file a *Martinez* report addressing the complaint's substance; and,
>
> **(ii)** within **90 days**, file a separate summary judgment motion, with supporting memorandum.

**(d)** If Defendants seek relief otherwise contemplated under procedural rules, Defendants must file an appropriate motion within **60 days**.

**(e)** Plaintiff may, within **30 days** of its filing, respond to a *Martinez* report if desired.

**(f)** Plaintiff must, within **30 days** of its filing, respond to a motion to dismiss or summary-judgment motion, or risk dismissal

**(g)** Defendants shall file a reply brief within **14 days** after the date Plaintiff's opposition is filed.

**(3)** No hearing will be held on a motion unless the Court so orders at a later date.

**(4)** Defendants' motion to strike is **DENIED**. (ECF No. 40.)

DATED this 30th day of August, 2022.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge